IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JESUS VIDAL-MARTINEZ, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> U.S. IMMIGRATION AND CUSTOMS ) </br> ENFORCEMENT and U.S. DEPARTMENT ) </br> OF HOMELAND SECURITY, ) </br> ) </br> Defendants. ) | Case No. 20 C 7772 |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The plaintiff in this case under the Freedom of Information Act (FOIA) has petitioned for an award of attorney's fees. Jesus Vidal-Martinez sought the production of certain government records related to a habeas corpus petition he filed in this District. On June 16, 2022, the Court issued a memorandum opinion and order granting summary judgment in favor of U.S. Immigration and Customs Enforcement and the U.S. Department of Homeland Security (collectively, ICE). Vidal-Martinez has appealed the Court's decision and submitted an interim petition asking the Court to award his attorneys fees and costs totaling $58,305.30. That represents 88.4 hours of work performed by three attorneys, not including time spent litigating the parties' cross-motions for summary judgment, which Vidal-Martinez concedes he is not entitled to because he did not prevail on the motion. For the reasons stated below, the Court denies the interim petition.

**Factual background**

The Court assumes familiarity with the case's factual and procedural background, which the Court has described in a prior written opinion. *See Vidal-Martinez v. U.S. Immigr. & Customs Enf't,* No. 20 C 7772, 2022 WL 2181427 (N.D. Ill. June 16, 2022). The following is a brief synopsis of the factual and procedural background, as relevant for purposes of the present order.

This case concerns two FOIA requests that Vidal-Martinez filed with ICE in late 2020. The first request was filed on October 9, 2020. On November 13, 2020, ICE's FOIA office acknowledged receipt of Vidal-Martinez's first request. Because ICE did not release the requested documents within the 20-day statutory time frame, Vidal-Martinez filed this lawsuit on December 29, 2020 seeking an order compelling ICE to respond to his request.

On December 30, 2020, Vidal-Martinez filed a second FOIA request with ICE. According to a declaration submitted by Fernando Pineiro, the "Acting FOIA Officer" of ICE's FOIA office, on February 3, 2021, the ICE FOIA office tasked the ICE Office of the Principal Legal Advisor to conduct a search for records responsive to Vidal-Martinez's request. On February 11, 2021, ICE's FOIA office acknowledged receipt of Vidal-Martinez's second request.

On February 12, 2021, ICE moved for an extension of time to file its answer to Vidal-Martinez's complaint due to a backlog of COVID-era FOIA requests that the agency was actively working through. The agency stated that it answers FOIA requests in the order in which they are received, and it expected to be able to respond to Vidal-Martinez's request within three weeks of ICE's filing of the motion, which it contended

2

would render the case moot. Vidal-Martinez agreed to the extension, and the Court granted it.

On February 19, 2021, Vidal-Martinez amended his complaint to incorporate allegations of FOIA violations by ICE related to his second request.

ICE searched its records and provided Vidal-Martinez a total of 561 pages of emails in three separate productions. The first production was made on March 12, 2021, and on March 15, 2021, ICE answered Vidal-Martinez's complaint. The same day, the parties filed a joint initial status report informing the Court that ICE had submitted an interim response but had not yet provided a final response to either of Vidal-Martinez's requests. The parties also moved to continue an upcoming status hearing to allow ICE to submit a final response. The Court granted the motion.

ICE made a second production of documents on April 9, 2021. The documents included redactions. On April 27, 2021, the Court ordered Vidal-Martinez to submit any objections to those redactions by May 27, 2021, which he did. The parties then agreed to brief cross-motions for summary judgment addressing the propriety of the redactions, which they did during the months of August, September, and October 2021. ICE also supplemented its prior releases of records in a third production, which it made on August 23, 2021.

On June 16, 2022, the Court granted summary judgment in favor of ICE. Vidal-Martinez states that after that date, he attempted to negotiate a fee award directly with ICE, but ICE declined. Vidal-Martinez's petition for fees and costs is now before the Court.

**Discussion**

Under FOIA, a court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). Section 552(a)(4)(E)(ii) states that "a complainant has substantially prevailed if the complainant has obtained relief through either—(I) *a judicial order*, or an enforceable written agreement or consent decree; or (II) *a voluntary or unilateral change in position by the agency*, if the complainant's claim is not Insubstantial." *Id.* § 552(a)(4)(E)(ii) (emphasis added). ICE contends that Vidal-Martinez cannot show that he is eligible for fees as a prevailing party under either of these subparagraphs.

There is no question that, overall, ICE was the prevailing party in this case; the Court dismissed Vidal-Martinez's claims against the agency with prejudice. But Vidal-Martinez bases his fee petition on the notion that he "prevailed" on two issues—namely, ICE's disclosure of records and his initial objections to ICE's disclosure—before the Court entered final judgment against him based on a third issue, the propriety of ICE's redactions of the disclosed records. For the reasons below, the Court overrules these contentions. Vidal-Martinez has not shown that he is a prevailing party within the meaning of the statute.

**A.    Section 552(a)(4)(E)(i)(I):  prevailing by judicial order**

Vidal-Martinez attempts to characterize several of the Court's minute entries as "ordering" the relief he sought and thus entitling him to fees under section 552(a)(4)(E)(i)(I). This contention lacks merit, as neither of the orders found at docket entries 16 and 17 can plausibly be construed as "judicial order[s], or [] enforceable

Case: 1:20-cv-07772 Document #: 58 Filed: 03/13/23 Page 5 of 10 PageID #:1095

written agreement[s] or consent decree[s]" through which Vidal-Martinez obtained relief. *Id.* § 552(a)(4)(E)(i)(I).

Though *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001), involved fee-shifting in the context of the Fair Housing Amendments Act and the Americans with Disabilities Act, courts interpreting other fee-shifting statutes—including the FOIA fee statute—often apply *Buckhannon*'s conception of prevailing by judicial order to require a change in the "legal relationship" between the parties or "some relief on the merits of [the plaintiff's] claim." *Id.* at 603-04 (internal quotation marks omitted); *see also*, *Brayton v. Off. of the U.S. Trade Representative*, 641 F.3d 521, 524 (D.C. Cir. 2011) (characterizing prevailing under 552(a)(4)(E)(i)(I) as having "obtained an official disclosure order from a court."); *Warren v. Colvin*, 744 F.3d 841, 845 (2d Cir. 2014) (a plaintiff does not prevail under 552(a)(4)(E)(i)(I) when the agency voluntarily complies with his requested relief); *Lovell v. Alderete*, 630 F.2d 428, 432 (5th Cir. 1980) (a plaintiff prevails under section 552(a)(4)(E)(i)(I) when he receives a court order in his favor); *Zarcon, Inc. v. NLRB*, 578 F.3d 892, 893 (8th Cir. 2009) (prevailing under section 552(a)(4)(E)(i)(I) entails a final judicial resolution of the matter).

As previously described, the parties filed an initial joint status report on March 15, 2021 in which they stated that both parties wished to continue an upcoming status hearing from March 22, 2021 to a later date to allow ICE—which at that point had already provided Vidal-Martinez with an interim response to his first request—more time to submit a final response to Vidal-Martinez's FOIA request. Based on that status report and the subsequent motion to continue that Vidal-Martinez filed, the Court continued the

5

March 22 status hearing to April 27, 2021. Vidal-Martinez contends that because the Court granted the continuance requested, "This Court explicitly adopted [the status] report." Pl.'s Interim Mot. for Fees and Costs at 6. Vidal-Martinez further contends that, "Because the Court adopted a joint stipulation requiring document production, Plaintiff substantially prevailed by judicial order." *Id.*

This is a strained reading of the events. The parties' initial joint status report can hardly be construed as a "joint stipulation requiring document production." *Id*. And even if it could be read that way, the Court does not agree with Vidal-Martinez that the Court "explicitly adopted" it simply by granting an extension of time or that the Court otherwise ordered ICE to produce records at any point in the litigation.

Vidal-Martinez cites two District of Columbia cases in which a court's adoption of a joint stipulation and/or a scheduling order submitted by the parties was deemed to make the plaintiffs in those cases eligible for fees. But those cases are not at all analogous to this case, as they involved more substantive orders. For example, in *Citizens for Responsibility and Ethics in Washington v. Department of Justice*, 820 F. Supp. 2d 39 (D.D.C. 2011), a plaintiff was found to be "prevailing" and thus eligible for fees based on a scheduling order that stated:

> It is hereby ORDERED that [Defendant] will, no later than August 31, 2010, (1) complete processing those responsive documents yielded by the search of [Defendant]'s records that do not require referral or consulation [sic]; (2) produce responsive non-referred documents except those it withholds on the basis of a FOIA exemption; (3) circulate documents that do require referral or consultation to the relevant agencies or departments; and (4) confer with CREW on a timetable for the referrals and for the production of a Vaughn index for withheld documents.

*Id.* at 43 (quoting the presiding judge's scheduling order). Similarly, in *Judicial Watch, Inc. v. FBI*, 522 F.3d 364 (D.C. Cir. 2008), a plaintiff was deemed eligible for a fee

6

award based on the court's adoption of a joint stipulation requiring document production that stated, "Upon completion of the redaction, Defendant shall produce the videotape to Plaintiff without any other redactions and without imposing search or duplication fees on Plaintiff in this case." *Id.* at 366 (quoting Stipulation and Agreed Order ¶ 5, *Judicial Watch v. FBI*, No. 06–1135 (D.D.C. July 19, 2006)). The Court's resetting of a status hearing in the present case based on an agreement between the parties cannot reasonably be compared to the orders in these two cases, both of which directed the agencies, in plain terms, to produce the requested material to the plaintiff.

Vidal-Martinez further contends that "[he] also substantially prevailed by judicial order because, even before the March 15 joint status report, this Court supervised the process by which Defendants released responsive documents." Pl.'s Interim Mot. for Fees and Costs at 6. Vidal-Martinez then references a routine case management order granting ICE an extension to answer Vidal-Martinez's amended complaint as "impliedly" ordering ICE to respond to his FOIA requests. *Id.* But setting a deadline for ICE to respond to the amended complaint cannot fairly be characterized as a direction to ICE to respond to Vidal-Martinez's requests.

In sum, Vidal-Martinez reads far too much into the Court's scheduling orders and minute entries. He simply did not prevail by judicial order in this case. None of the referenced actions by the Court altered the legal relationship of the parties or granted Vidal-Martinez relief on the merits.

**B.    Section 552(a)(4)(E)(i)(II):  prevailing under the "catalyst theory"**

The so-called "catalyst theory" of eligibility for a prevailing-party fee award, codified in section 552(a)(4)(E)(i)(II) of FOIA, is an alternate means for finding that a

7

party has prevailed even when it did not obtain a judgment or order granting it relief on the merits. The statute states that "a complainant has substantially prevailed if the complainant has obtained relief through . . . (II) *a voluntary or unilateral change in position by the agency*, if the complainant's claim is not insubstantial." § 552(a)(4)(E)(ii)(II) (emphasis added). The text of section 552(a)(4)(E)(ii)(II) thus requires a voluntary change of the agency's position after the initiation of FOIA litigation.

As the Court has described, ICE made its first and second productions of records on March 12 and April 9, 2021. Because the documents disclosed by ICE included redactions, the Court entered a minute order directing "[Vidal-Martinez] to provide [ICE] with any objections to exemptions." Minute Entry, Apr. 27, 2021, Dkt. no 17. Vidal-Martinez complied with the Court's order and submitted objections, and ICE subsequently produced parts of documents that it had previously exempted.

Vidal-Martinez contends both that ICE's initial response and its later supplement to that response (eliminating some redactions) amount to a victory that entitles him to recover attorney's fees under section 552(a)(4)(E)(ii)(II) because ICE voluntarily changed its position. But he has not established that ICE "changed" its position, as the statute requires. Nothing in the record suggests that ICE ever took the position that it would not produce nonexempt records responsive to Vidal-Martinez's request. Instead, the agency has consistently stated that it responds to requests in the order they are received and that—due to administrative delays in FOIA request processing—it could not have responded to Vidal-Martinez's any sooner. The Court also finds persuasive the cases cited by ICE on page six of its response in which courts have rejected to grant a catalyst theory-based fee petition when the delays were caused only by administrative

backlog; in that situation there is no "change" in the government's position other than its newfound ability to process the request. *See White v. Dep't of Justice*, 460 F. Supp. 3d 725, 782 (S.D. Ill. 2020), *aff'd*, 16 F.4th 539 (7th Cir. 2021) ("It is true that [the agency] ha[s] not always complied with the required timelines, but [it] ha[s] always indicated an intent to comply with FOIA in responding to [the plaintiff's] requests and now either have or are on track to respond to those requests on an appropriate timeline. The simple fact that documents were released after [the plaintiff] filed this lawsuit is not enough to establish that he substantially prevailed by obtaining a voluntary or unilateral change in position.").

Regarding the redactions, Vidal-Martinez has also failed to provide evidence to suggest that ICE was *not* planning provide records it seemed responsive and nonexempt unless and until it was forced to by the litigation. ICE reasonably disagreed with Vidal-Martinez about what was exempt under FOIA, which is presumably why the disclosed documents were redacted in the first place. And ultimately, the Court resolved the remaining redaction issues in ICE's favor at summary judgment. This intervening supplement by ICE represents not "a voluntary or unilateral change in position" but rather a good-faith effort to resolve as much of Vidal-Martinez's outstanding request that it legally could. 5 U.S.C. § 552(a)(4)(E)(ii)(II).

For these reasons, Vidal-Martinez cannot be considered a prevailing party under the catalyst theory. The Court therefore declines to award costs to Vidal-Martinez because he has not carried his burden of showing he substantially prevailed in this litigation.

9

**Conclusion**

For the foregoing reasons, the Court denies plaintiff's interim motion for fees and costs [dkt. no. 51].

```
                              _____
                                   MATTHEW F. KENNELLY
                                  United States District Judge
```

Date: March 13, 2023